**SO ORDERED.**

**SIGNED this 18th day of November, 2026.**

LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | |
|---|---|
| In re<br><br>Consolidated Estate of Chadley Capital, LLC and Grace McLain Capital Advisors, LLC,<br><br>Debtor. | Case No. 24-10170<br><br>Chapter 7 |
| Brian R. Anderson, Chapter 7 Trustee for Consolidated Estate of Chadley Capital, LLC and Grace McLain Capital Advisors, LLC,<br><br>Plaintiff,<br>v.<br><br>Jason Allen,<br><br>Defendant. | Adv. Pro. No. 26-02013 |

ORDER
DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

This adversary proceeding comes before the Court on the Defendant's Motion to Set Aside Entry of Default and Default Judgment (Dkt. No. 14, the "Motion"). The Plaintiff-Trustee filed a response in opposition (Dkt. No. 15, the "Response"),

arguing that the Defendant fails to make the requisite showing to set aside the default and default judgment. The Court held a hearing on the Motion on November 5, 2026, at which Lucas Nelson appeared on behalf of the Plaintiff, Brian Anderson, and Andrew Fitzgerald appeared on behalf of the Defendant. At the conclusion, the Court took the matter under advisement. After reviewing the Motion, the record in this case, and the arguments from counsel, the Court will deny the Motion.

## Background

On March 12, 2024, an involuntary chapter 7 petition was filed against Chadley Capital, LLC; the Court entered an order for relief on April 5, 2024. The Court substantively consolidated Chadley Capital, LLC and Grace McLain Capital Advisors LLC, (collectively, the "Debtor") on July 7, 2025, effective as of the petition date. Brian Anderson, the Plaintiff, is the duly appointed, qualified and acting chapter 7 trustee.

William Rhew, III, in his prepetition role as sole owner and managing member, operated the Debtor as a Ponzi scheme, fraudulently soliciting millions of dollars in "investments" from over 100 investors.[1] The Plaintiff alleges that the Defendant, Jason Allen, was one of those investors as well as a 10% member of Chadley Capital, investing approximately $114,000 in the Debtor while receiving $193,683.80 in transfers, leaving the Defendant a "net winner" in the Debtor's Ponzi scheme in the amount of $79,683.80.

[1] On April 22, 2025, Rhew pleaded guilty to several counts associated with the Ponzi scheme, including wire fraud, money laundering, securities fraud, and tax evasion. *See United States of America v. William Lamar Rhew, III*, No. 1:25CR142-1, at Dkt. No. 20 (M.D.N.C. Sept. 12, 2025).

The Plaintiff filed a complaint commencing the above-captioned adversary proceeding on March 12, 2026, (Dkt. No. 1, the "Complaint"), asserting eight claims for relief: (1) avoidance of payments made to the Defendant within two years of the petition date as actual and constructively fraudulent transfers under 11 U.S.C. § 548(a)(1); (2) avoidance of payments to the Defendant as fraudulent transfers under N.C. Gen. Stat. § 39-23.4 and 11 U.S.C. § 544(b); (3) avoidance of payments to the Defendant within four years of the petition date under N.C. Gen. Stat. § 39-23.5(a) and 11 U.S.C. § 544(b); (4 and 5) avoidance of payments to the Defendant as to a debt to the United States under 28 U.S.C. § 3304(a), (b) and 11 U.S.C. § 544(b); (6) recovery of avoided transfers under 11 U.S.C. § 550(a)(1); (7) objection to Defendant's proof of claim; and (8) and unjust enrichment.

The Plaintiff filed a certificate of service indicating he served the summons and Complaint on the Defendant at 1110 Kerner Road, Kernersville, North Carolina 27284. After the Defendant failed to answer or otherwise respond to the Complaint, the Plaintiff obtained an entry of default on April 29, 2026. The Court later entered a default judgment against the Defendant in the amount of $193,683.80 on June 25, 2026.

The Defendant filed the Motion on August 4, 2026, requesting the Court set aside the default judgment based on excusable neglect under Rule 60(b)(1) or the catchall provision of Rule 60(b)(6), asserting he was never informed by his then-counsel that an entry of default had been entered or that the Plaintiff intended to

seek a default judgment. (Dkt. No. 14, ¶¶ 20-22, 34).[2] The Plaintiff filed a response in opposition, challenging any claim of surprise given his settlement negotiations with Defendant's counsel prior to seeking default judgment and arguing the Defendant's failure to appear does not constitute excusable neglect under Rule 60(b)(1) and cannot be the basis for relief under 60(b)(6). (Dkt. No. 15, at 4).

## JURISDICTION

The Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b), which involves statutorily core matters under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1409, and, under 28 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court by its Local Rule 83.11.

## DISCUSSION

Federal Rule of Civil Procedure 55, made applicable through Federal Rule of Bankruptcy Procedure 7055, provides that a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When seeking "relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).

[2] In the Motion, the Defendant also argued that the default judgment should be set aside under Rule 60(b)(4) for improper service because the Plaintiff did not serve the Defendant at his "dwelling or usual place of abode or where [he] regularly conducts a business or profession" in compliance with Federal Rule of Bankruptcy Procedure 7004(b)(2). (Dkt. No. 12, ¶¶ 6-15). The Defendant's counsel withdrew the argument at the hearing on the Motion, conceding that Defendant was properly served.

After meeting each of the three required threshold conditions, the movant must then "satisfy one of six enumerated grounds for relief under Rule 60(b)." *Id.*[3] Under Rule 60(b), a court may relieve a party from its final judgment in instances of mistake, inadvertence, surprise, or excusable neglect, *see* Fed. R. Civ. P. 60(b)(1); where there is newly discovered evidence, *see* Fed. R. Civ. P. 60(b)(2); where the opposing party has engaged in fraud, misrepresentation, or misconduct, *see* Fed. R. Civ. P. 60(b)(3); where the judgment is void, *see* Fed. R. Civ. P. 60(b)(4); where the judgment has been satisfied, released or discharged, or applying it prospectively is no longer equitable, *see* Fed. R. Civ. P. 60(b)(5); and where any other reason justifies relief, *see* Fed. R. Civ. P. 60(b)(6).

Where a default judgment is at issue, the Fourth Circuit has taken a more liberal view of Rule 60(b). *See Augusta Fiberglass Coatings, Inc., v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Yet despite a "strong preference for deciding cases on the merits" there are "countervailing interests in finality and in preserving the court's ability to control its docket." *Heyman v. M. L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

[3] "Although a fourth threshold showing of 'exceptional circumstances' is sometimes noted, analysis of this condition is limited to cases in which the moving party must demonstrate 'extraordinary circumstances' to qualify for relief under Rule 60(b)(6)." *BioLink Life Scis., Inc. v. Avara Pharm. Servs., Inc.*, No. 5:22-CV-404-FL, 2025 WL 778162, at *3 (E.D.N.C. Mar. 11, 2025) (citation omitted) (collecting and comparing cases); *see also Am. Sci. Team Richmond, Inc. v. Chan*, No. 3:22CV451, 2025 WL 791543, at *6 n.6 (E.D. Va. Mar. 12, 2025).

Here, even assuming he could satisfy all three threshold conditions,[4] the Defendant fails to show a basis to set aside the default judgment under Rule 60(b). The Defendant asserts that his failure to respond resulted from excusable neglect and not from any intent to ignore the proceedings and that, upon learning of the judgment, he acted promptly in retaining counsel and seeking relief from the Court. (Dkt. No. 14, ¶ 34). Courts "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[N]eglect under Rule 60(b)(1) includes 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control.'" *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (citation omitted). Whether neglect is "excusable [is] an equitable inquiry, taking account of all relevant circumstances," including (1) "the danger of prejudice to the nonmovant," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* (citation modified). "The most important of these factors for determining whether neglect is reasonable is the reason for the delay," *id.* (citation modified), and the burden of showing excusable neglect is on the party asserting it. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996); *Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir. 1977) (superseded on other grounds).

---

[4] The Plaintiff argues the Defendant fails to show a meritorious defense, but the Court need not address that aspect of the Motion given the Defendant has not satisfied the Rule 60(b) provisions.

The Defendant bases his excusable neglect argument on the failure of his then-attorney, Wes Schollander, to inform him that the Plaintiff was seeking a default judgment. The Plaintiff, however, introduced evidence through his own declaration and copies of email correspondence showing that, prior to moving for default judgment, Schollander provided the Plaintiff with the Defendant's financial information and an offer of settlement. The Plaintiff responded to Schollander the same day, agreeing in principle to the Defendant's offer. He followed up a few weeks later, and Schollander responded that he was in communication with Defendant, who was making arrangements to formalize and carry out the terms of that tentative agreement. But after several more weeks elapsed with no final settlement agreement, the Plaintiff advised he would pursue default judgment.

The Defendant, in contrast, provided no evidence. While he attached his affidavit as an exhibit to the Motion averring that Schollander never attempted to set aside the entry of default and failed to inform him of the default judgment, the Defendant did not offer it in conformity with this Court's Local Rule 9014-1, which allows declarations to be offered as direct evidence so long as "the declarant is made available for cross examination at the time the direct evidence is offered into the record." M.D.N.C. Local Br. R. 9014-1. The Defendant was not present at the hearing on the Motion; therefore, the Court sustained the Plaintiff's objection to the admission of the affidavit without an opportunity to cross-examine the affiant. Given the significant questions raised by the Plaintiff's evidence about what exactly transpired between Schollander and the Defendant, and who is to blame, the Court

finds the Defendant's bare allegations are insufficient to establish excusable neglect for purposes of Rule 60(b)(1).[5]

Alternatively, the Defendant requests that the default judgment be set aside under the catchall provision of Rule 60(b)(6), which authorizes a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)); *see also Justus*, 78 F.4th at 110 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)) (Rule 60(b)(6) relief "is available only when Rules 60(b)(1) through (b)(5) are inapplicable.")

The Court finds no cause to set aside the default judgment under Rule 60(b)(6) for at least two reasons. First, the Defendant appears to rely solely on the same unsupported allegations of attorney carelessness that form the basis of his

[5] Even if the Court were to consider the Defendant's affidavit, standing alone, it would not change the Court's ruling, as it includes only a perfunctory account of the series of events prior to entry of the default judgment, leaving many questions unanswered. Mistake or oversight by counsel does not necessarily demonstrate excusable neglect. *See, e.g.*, *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (finding that "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect, even though it might well be excusable for the client to rely on the advice of counsel," noting widespread recognition that "out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of [Rule 60(b)(1)]."); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (finding careless or negligent attorney mistakes, as well as intentional attorney misconduct, "are more appropriately addressed through malpractice claims" rather than Rule 60(b)(1) motions.).

excusable neglect argument. Because Rule 60(b)(6) only applies when the preceding paragraphs in Rule 60 do not provide grounds for relief, the Defendant's claims of excusable neglect can only be remedied under Rule 60(b)(1). *Justus*, 78 F.4th at 110. Second, the Defendant makes no mention of extraordinary circumstances that would justify relief. Rule 60(b)(6) requires a party to show "'an extraordinary situation which cannot fairly or logically be classified as mere 'neglect" on his part' and that 'reveal[s] far more than a failure to defend . . . due to inadvertence, indifference, or careless disregard of consequences.'" *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)) (alteration in original). The Defendant's repeated and unsupported allegations of attorney neglect fall short of the exceptional circumstances necessary for Rule 60(b)(6) relief.

## Conclusion

For the foregoing reasons, the Court finds the Defendant has not shown that grounds exist under Rule 60(b)(1) or (6) to set aside the default judgment.

Accordingly, IT IS HEREBY ORDERED that the Defendant's Motion is DENIED.

**END OF DOCUMENT**

**PARTIES TO BE SERVED**

Anderson, Chapter 7 Trustee v. Allen

Main Case No. 24-10170

AP No. 26-02013

Brian Anderson, Plaintiff
*via cm/ecf*

Andrew Fitzerald, on behalf of Defendant Jason Allen
*via cm/ecf*

D. Stuart Punger, on behalf of Defendant Jason Allen
*via cm/ecf*

John Paul Hughes Cournoyer, BA
*via cm/ecf*

Jason Allen, Defendant
1110 Kerner Rd.
Kernersville, NC 27284